IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Evelyn K. Harris,<br><br>                                    Debtors.<br><br><br>Evelyn K. Harris,<br><br>                                    Plaintiff,<br><br>v.<br><br>Titlemax of South Carolina, Inc.,<br><br>                                    Defendant. | Case No. 21-00825<br><br>Chapter 13<br><br><br>**COMPLAINT**<br><br><br>Adversary Complaint No. _____ |

The plaintiffs, complaining of the defendants above-named, allege as follows:

**Parties**

1. The plaintiff is a citizen and resident of Spartanburg County, South Carolina, and is the debtor herein.

2. The defendant is a corporation doing business in the State of South Carolina, regularly transacting business in the State.

**Jurisdiction and Venue**

3. This is an action for turnover of property of the bankruptcy estate pursuant to 11 U.S.C. § 542, and for willful violation of the automatic stay imposed by 11 U.S.C. §362, in which the plaintiff seeks turnover of property of the estate, actual damages, punitive damages, attorney's fees and costs.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

§§157(b)(1) and 1334.  This is a core proceeding under 28 U.S.C. §157(b)(2).

5. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. §§1408 and 1409.

6. This is an action in which the Court may enter final judgment consistent with Article III of the United States Constitution.  In the event the court may not enter final judgment without consent, the plaintiff consents to entry of a final judgment.

**Facts**

7. Defendant Titlemax made a loan to the debtor pre-petition, secured by a non-purchase money lien on the debtor's vehicle, a 2008 Nissan Titan.

8. Due to a default in payments, defendant repossessed said vehicle on March 21, 2021.

9. Plaintiff filed a petition for relief under Chapter 13 of Title 11 on March 24, 2021.  That case remains pending.

10. Plaintiff filed a proposed Chapter 13 Plan on March 24, 2021, proposing the payment of the Defendant's secured claim with interest at the currently established *Till* interest rate.

11. The Defendant was listed as a creditor in the debtor's bankruptcy schedules, and was notified of the filing of this case accordingly.  In addition, counsel for the Plaintiff contacted the Defendant's local and corporate offices by telephone and email.  Accordingly, Defendant had actual notice of the bankruptcy case as of March 24, 2021.

12. Defendant also had actual notice of the commencement of the plaintiffs' Chapter 13 case as evidence by a certificate of service filed with the Court by the Bankruptcy

Noticing Center on March 26, 2021.

13. Defendant at all material times had actual notice of the filing of the plaintiffs' Chapter 13 Plan and Related Motions as evidenced by the certificate of service of the same filed by counsel for the debtor on March 25, 2021.

14. In addition to telephone calls and emails, Plaintiff, through counsel, contacted the Defendant's Legal Department by fax on April 12, 2021 regarding demand for turnover of the vehicle.

15. Despite such notice and demand, Defendant remains in possession of the debtor's 2008 Nissan Titan.

16. On May 11, 2021, Defendant filed an objection to the Plaintiff's Chapter 13 Plan.

17. On or about June 17 and 18, 2021, the debtor began receiving phone calls from Defendant on her cell phone. The Plaintiff did not speak with the callers, but received messages. Subsequently, debtor was forced to contact her carrier to block the calls.

18. At no time has Defendant sought relief from the automatic stay pursuant to 11 U.S.C. §362(d) or sought abandonment of the property of the estate.

## For a First Cause of Action

### (Turnover pursuant to 11 U.S.C §542)

19. The plaintiff realleges and incorporates each and every allegation above as if fully set forth herein.

20. Plaintiff's exempt property, which is property of the estate as defined by 11 U.S.C. § 541, to wit, an automobile in which she has an interest, is in the possession of Defendant.

21. Upon receipt of notice of the within Chapter 13 case, as set forth above, Defendant was required pursuant to 11 U.S.C. § 542, to turn over this exempt property to the trustee in this case.

22. The trustee has not acted to recover this exempt property of the Debtor.

23. Under 11 U.S.C. § 1306, the Debtor is entitled to possession of all property of the estate.

24. Plaintiff has offered to provide adequate protection for the interest of Defendant through the proposed Chapter 13 Plan.

## For a Second Cause of Action

### (Willful violation of 11 U.S.C. §362)

25. The plaintiff realleges and incorporates each and every allegation above as if fully set forth herein.

26. By retaining possession of the debtor's vehicle after notice of the bankruptcy case, and after being offered adequate protection of its interest in the vehicle, Defendant has willfully, knowingly and maliciously violated the provisions of 11 U.S.C. §362(a).

27. As a result of the retention of the debtor's vehicle, the debtor has suffered damages, including but not limited to the following:

    a. Attorney fees and court costs.

    b. Loss of the use of the vehicle which is property of the estate.

    c. Loss of wages due to difficulty in finding alternative transportation to work.

    d. Additional expenses for temporary car rental and other expenses related to

        replacement transportation.

    e.    Physical and mental distress and suffering as a result of the retention of the vehicle as well as the post-petition telephone calls to the debtor.

    a.    Inconvenience, delays, and additional fees in administration of the Chapter 13 Plan.

28.    The Plaintiff is entitled to recover actual damages in an amount to be determined by the Court, and punitive damages in an amount to be determined by the Court.

WHEREFORE, the plaintiff prays unto the Court:

1.    For judgment requiring immediate turnover of the 2008 Nissan Titan to the debtor.

2.    For judgment against the defendant in an amount to be determined by the Court and punitive damages in an amount to be determined by the Court;

3.    For the costs of this proceeding, including reasonable attorney's fee; and

4.    For such other and further relief as may to the Court seem just and proper.

                                                                                  s/ Däna Wilkinson
Däna Wilkinson
District Court I.D. No. 4663
365-C East Blackstock Road
Spartanburg, SC 29301
864-574-7944
864-574-7531 FAX
court@danawilkinsonlaw.com

Attorney for Plaintiff

June 25, 2021