**UNITED STATES BANKRUPTCY COURT**

Laura A. Austin
Clerk of Court

DISTRICT OF SOUTH CAROLINA
J. BRATTON DAVIS UNITED STATES BANKRUPTCY COURTHOUSE
1100 LAUREL STREET
COLUMBIA, SOUTH CAROLINA 29201-2423

TELEPHONE (803)765-5436
www.scb.uscourts.gov

DATE:   July 29, 2021

TO:   Nathan E. Huff
Attorney for TitleMax of South Carolina, Inc.
Cleary West & Huff, LLP
1223 George C. Wilson Dr.
Augusta, GA 30909

Evelyn K. Harris
488 Carolyn Dr
Spartanburg, SC 29306

Dana E Wilkinson
Wilkinson Law Firm
365-C East Blackstock Road
Spartanburg, SC 29301

Gretchen D Holland
CH 13 Trustee
20 Ropers Corners Circle, Suite C
Greenville, SC 29615

RE:   Evelyn K Harris, 21-00825-HB

Pursuant to Federal Rule of Bankruptcy Procedure 8003, this letter is to notify you that a notice of appeal in the above-referenced case was filed in this Court on July 28, 2021. A copy of that notice along with a copy of the judgment, order, or decree of this Court which has been appealed is included with this letter. In deciding what action to take in response to this appeal, it may be helpful to review Part VIII of the Federal Rules of Bankruptcy Procedure, which governs the procedure on an appeal from a judgment, order, or decree of a bankruptcy court.

Federal Rule of Bankruptcy Procedure 8009 sets forth the procedure and deadlines for designating the record on appeal. If you need to order transcripts, a Transcript Order Form AO435 is available through the Court's website, www.scb.uscourts.gov.

The record on appeal will be transmitted from this office to the Clerk of Court for the United States District Court for the District of South Carolina, upon completion, pursuant to Federal Rule of Bankruptcy Procedure 8010. Parties to the appeal will receive notice once the record on appeal is received by the District Court. Typically, an appeal and the associated record on appeal are transmitted to the District Court within thirty (30) days from the final designation of the record on appeal and the receipt of any requested transcript.[1]

At the request of the Clerk of Court for the United States District Court for the District of South Carolina, parties to this appeal are hereby advised that any designation of the record must contain a statement as to whether or not there is, or ever has been, an appeal to the District Court in any <u>related case or adversary proceeding</u>.

                                      Laura A. Austin, Clerk of Court
                                      United States Bankruptcy Court

                              BY: _____
                                    R. Richardson, Deputy Clerk

Enclosures

cc:    Titlemas of South Carolina, Inc.
       United States Trustee

---

[1] Transmittal may be delayed in certain instances beyond the control of the Court, such as where designations are voluminous or require the retrieval of archived documents.

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| IN RE: EVELYN K. HARRIS, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | CASE NO. 21-00825-HB |

| | | |
|---|---|---|
| TITLEMAX OF SOUTH CAROLINA, INC. | ) ) ) | |
| APPELLANT, | ) ) | NOTICE OF APPEAL AND STATEMENT OF |
| vs. | ) ) | ELECTION |
| EVELYN K. HARRIS, and GRETCHEN D. HOLLAND, Trustee, | ) ) ) | |
| APPELLEES. | ) ) | |

NOW COMES TITLEMAX OF SOUTH CAROLINA, INC. and gives this Court its Notice of Appeal and shows the Court as follows:

Part 1: Identify the appellant:

1. Name of appellant: TITLEMAX OF SOUTH CAROLINA, INC.

2. Position of appellant in the adversary proceeding or bankruptcy case that is subject of this appeal: Appellant is a creditor in the bankruptcy case and is not appealing an adversary proceeding.

Part 2: Identify the subject of this appeal:

1. Describe the judgment, order or decree appealed from: The Court's Order Confirming Debtor's Plan [Docket No. 28] subsequent to the Court's Order overruling Appellant's objection to the plan [Docket No. 26].

2. State the date on which the judgment, order, or decree was entered: Said Order was entered on July 22, 2021.

Part 3: Identify the other parties to the appeal:

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Titlemax of South Carolina, Inc. Attorney: Nathan Huff, 1223 George C. Wilson Dr., Augusta, GA 30909, (706) 860–9995.

2. Party: Evelyn K. Harris Attorney: Dana Wilkinson, 365C E Blackstock Rd., Spartanburg, SC 29301 (864) 574-7944.

3. Party: Gretchen D. Holland Attorney: Gretchen D. Holland, 20 Roper Corners Circle, Suite C, Greenville, SC 29615 (864) 527-3790.

Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. Section 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

[ ] Appellant elects to have the appeal head by the United States District Court rather than by the Bankruptcy Appellate Panel.

Part 5: Sign Below

This 28th day of July, 2021.

Cleary, West & Huff, LLP
1223 George C Wilson Dr
Augusta, GA 30909
(706) 860-9995
nhuff@cwhllp.com

/s/ Nathan E. Huff
NATHAN E. HUFF
SC District ID No. 12311
*Attorney for TitleMax*

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| IN RE: EVELYN K. HARRIS, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | CASE NO. 21-00825-HB |

| | |
|---|---|
| TITLEMAX OF SOUTH CAROLINA, INC. | ) ) ) |
| APPELLANT, | ) ) |
| vs. | ) ) |
| EVELYN K. HARRIS, and GRETCHEN D. HOLLAND, Trustee, | ) ) ) |
| APPELLEES. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day he has served the foregoing on the following (if by U.S. Mail, with proper postage affixed thereto):

Evelyn K. Harris
488 Carolyn Drive
Spartanburg, SC 29306

Dana Wilkinson, Esq.
*Electronically via ECF*

Gretchen D. Holland, Trustee
*Electronically via ECF*

This 28th day of July, 2021.                    /s/ Nathan E. Huff
                                                Attorney for Appellant

**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number: **21-00825-hb**

### ORDER OVERRULING OBJECTION TO PLAN

The relief set forth on the following pages, for a total of 2 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**07/14/2021**



Chief US Bankruptcy Judge
District of South Carolina

Entered: 07/14/2021

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 21-00825-HB |
| Evelyn K Harris, | Chapter 13 |
| Debtor(s). | **ORDER OVERRULING OBJECTION TO PLAN** |

**THIS MATTER** is before the Court to consider confirmation of the Chapter 13 plan filed by Debtor Evelyn K Harris[1] and the objection thereto of TitleMax of South Carolina, Inc.[2] The controversy involves a 2008 Nissan Titan that secures a non-purchase money loan. The vehicle was repossessed several days prior to the filing of this Chapter 13 case. Debtor seeks return of the vehicle[3] and her plan proposes payment of TitleMax's secured claim, as valued pursuant to 11 U.S.C. §§ 506(a)(1) and 1325(a)(5) with interest.[4] Thus, Debtor proposes to pay less than the full amount of the contractual obligation.[5] TitleMax asserts the Debtor must pay the full contractual amount due to exercise her right of redemption and recover the repossessed property. The Chapter 13 Trustee supports confirmation of the plan.

For the reasons stated on the record, and after a careful review of applicable authorities, the Court finds that the plan provisions regarding TitleMax are appropriate, and the objection must be overruled. *See In re Keisler*, C/A No. 17-03304, 2017 WL 4685000 (Bankr. D.S.C. Oct. 16, 2017). The plan otherwise meets the requirements for confirmation and the Court will issue a separate order confirming the plan.

**AND IT IS SO ORDERED.**

---

[1] ECF No. 7, filed Mar. 24, 2021 (plan) and ECF No. 20, filed Jun. 25, 2021 (plan payment change stipulation).
[2] ECF No. 14, filed May 11, 2021.
[3] C/A No. 21-80036-HB.
[4] *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).
[5] The contract requires 132.24% annual interest. The loan disclosures indicate that the original loan of $8,964.34, if repaid over 48 months, would require payments totaling $47,722.33.

**United States Bankruptcy Court**
**District of South Carolina**

Case Number: 21-00825-hb                                           Chapter: 13

In re:

Evelyn K Harris

| Entered By The Court 07/22/21 | ORDER CONFIRMING PLAN AND RESOLVING MOTIONS | Filed By The Court 07/22/21 Laura A. Austin Clerk of Court US Bankruptcy Court |

It having been determined after notice and hearing that the plan filed by the debtor(s) on **03/24/2021**, with the stipulation filed on **06/25/2021**, complies with the provisions of Chapter 13 (11 U.S.C. § 1301 et seq.), and with all other applicable provisions of Title 11 of the United States Code and that all fees and charges to be paid before confirmation have been paid;

**IT IS ORDERED THAT:**

1. The plan is confirmed.

2. The debtor shall not sell, encumber, or otherwise transfer any interest in estate property outside the ordinary course of business without approval of the court, and shall not incur indebtedness except as provided in SC LBR 3015-8.

3. The court hereby values secured claims and voids liens as set forth in the confirmed plan or as established by separate order to the extent permitted by 11 U.S.C. § 506 (a), 506(d), § 1325(a), and applicable law.

4. Pursuant to 11 U.S.C. § 522(f)(1)(A) and/or (B), the court hereby finds that the security interests to be avoided as set forth in the confirmed plan or by separate order impair an exemption to which the debtor would otherwise be entitled under 11 U.S.C. § 522(b) and South Carolina Code § 15-41-30 and are, therefore, avoided.

**AND IT IS SO ORDERED.**

Helen E. Burris
Chief United States Bankruptcy Judge